Matter of Attorney Gen. of the State of N.Y. v K.S. (2025 NY Slip Op 05142)

Matter of Attorney Gen. of the State of N.Y. v K.S.

2025 NY Slip Op 05142

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 531006/05|Appeal No. 4755|Case No. 2024-06562|

[*1]In the Matter of Attorney General of The State of New York, Petitioner Respondent,
v
K.S., Defendant-Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Laureena Novotnak of counsel), for appellant.
Letitia James, Attorney General, New York (Anagha Sundararajan of counsel), for respondent.

Appeal from order, Supreme Court, New York County (W. Franc Perry, III, J.), entered July 9, 2024, which granted Commissioner of the Office of Mental Health's application pursuant to CPL 330.20(12) to extend the outpatient order of conditions for defendant for an additional two years, unanimously dismissed, without costs.
In 2007, defendant pleaded not guilty by reason of mental disease or defect to charges of attempted kidnapping and was committed to a secure facility for inpatient care and treatment pursuant to CPL § 330.20. He was released to the community in May 2013, pursuant to a five-year outpatient order of conditions. In 2020, the order of conditions was renewed for three years. Following a hearing in June 2024, the outpatient order of conditions — which included a requirement that defendant obtain approval from the New York State Office of Mental Health (OMH) before leaving the state — was extended for two additional years.
Defendant contends that he may appeal the motion court's decision on the order of conditions as of right pursuant to CPL 330.20(21)(c), which incorporates CPLR 5701(a)(2)(v). Specifically, defendant contends that he may appeal the order of conditions because it affects a "substantial right" under both CPLR 5701(a)(2)(v) and the New York Constitution article VI, § 4(k).
We hold, based upon the facts of the instant case, and the lack of specificity and particularity in defendant's allegations as to the substantial rights implicated that CPLR 5701(a)(2)(v) and the New York Constitution article VI § 4(k) are not applicable here. Moreover, the provisional limitations on defendant's ability to travel or live outside of New York do not clearly affect a substantial right or sufficiently implicate a fundamental liberty interest. See Matter of Oswald N., 87 NY2d 98, 105 [1995]; cf. Matter of New York State Off. of Mental Health v Marco G., 167 AD3d 49, 51 [1st Dept 2018]; see also Matter of Allen B. v Sproat, 23 NY3d 364, 379 [2014]). We do not reach the issue of whether CPL 330.20(21)(c) ever permits a defendant to appeal as of right an outpatient order of conditions. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025